UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRENDA LEE,

      Plaintiff,

-against-

HUD (HOUSING URBAN DEVELOPMENT);
NYCHA,

      Defendants.

1:23-CV-11239 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Brenda Lee, who is appearing *pro se*, brings this action under the court's federal question jurisdiction. She asserts that the federal constitutional or the federal statutory bases for her claims are the following: "(Compensate me for the loss of my Section 8 collaboratively taken). 'Violated' my constitutional rights. Denied me to exercise my rights. Refuse to address or was forced to or any other means of supporting me to retrieve . . . called me a snitch [*sic*]." (ECF 1, at 2.) Plaintiff sues: (1) "HUD (Housing Urban Development)," which the Court understands to be the United States Department of Housing and Urban Development ("HUD"); and (2) "NYCHA," which the Court understands to be the New York City Housing Authority ("NYCHA"). She seeks the following relief: "HUD should grant me reinstatement ASAP. Change R+R and compensation for my mental + emotional damages. Receive National (Interstate) Referral for any currently available Section 8 [housing choice voucher] in (any state) [*sic*]." (*Id.* at 6.)

  By order dated May 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint, as specified below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following in her complaint's statement of claim:

> I had [a] Section 8 [housing choice voucher]. It was collaboratively [and] forcefully taken away calling me a snitch. I had Safe Horizon victim services. I was denied to exercise my rights. Refused to accept a formal complaint [and/or] investigate. And denied my appeals.
>
> Denied consist[e]ntly by NYCHA who affirms I . . . [did] an atrocity/sin. It affected my high school education [and] is currently still denying me housing[.] It [swears and] affirms I was in [a] relationship. And it[']s personal what they are doing to me.

(ECF 1, at 5.)

## DISCUSSION

**A.    Claims against HUD**

The Court must dismiss Plaintiff's claims against HUD, a federal agency, under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any agency of the federal government, such as HUD, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign, unless such immunity is waived.").

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against HUD. The Court therefore dismisses Plaintiff's claims against HUD under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

3

B.   **Claims under 42 U.S.C. § 1983**

The Court understands that Plaintiff is asserting claims of violations of her federal constitutional rights against NYCHA and, perhaps, against individual NYCHA officials, under 42 U.S.C. § 1983, as well as claims under state law. In this section, the Court will discuss Plaintiff's claims under Section 1983 against NYCHA and against individual NYCHA officials.

1.   **No right to housing**

There is no right under the United States Constitution to housing benefits or to assistance with obtaining housing. *See generally Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality. . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions."). Accordingly, no government entity, including NYCHA, has any "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2012) (internal quotation marks and citation omitted). Thus, to the extent that Plaintiff asserts claims of federal constitutional violations under Section 1983 arising from a violation of a purported right to housing, the Court dismisses such claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   **NYCHA**

When a plaintiff sues a municipality or other local government entity, such as NYCHA, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local government entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality or other local government entity itself caused the violation of

4

the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality or other local government entity, the plaintiff must allege facts showing: (1) the existence of a municipal or local government entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997). This standard has been applied to claims under Section 1983 brought against NYCHA. *See Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 576-77 (2d Cir. 1989). If there is no underlying constitutional violation, however, the Court need not examine whether the municipality or other local government entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

Plaintiff has alleged no facts showing how a policy, custom, or practice of NYCHA has caused a violation of her federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against NYCHA for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead her claims of federal constitutional violations under Section 1983 against NYCHA in an amended complaint. For the reasons explained in the previous subsection, however, she may not raise any claims under Section 1983 in which she asserts a federal constitutional right to housing.

### 3. Procedural due process

Granting Plaintiff's complaint the liberal interpretation that it is due, it may be asserting that Plaintiff's federal constitutional right to procedural due process was violated with respect to the denial of Plaintiff's application for Section 8 housing benefits, or was violated with respect to the cancellation of those benefits. "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest . . . and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (to state a procedural due process claim under Section 1983, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law"). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

"Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972). Courts have regarded government issued housing subsidies, including Section 8 housing benefits, as property interests that are subject to procedural due process protections. *See, e.g.*, *Hardee v. City of New Rochelle Section 8 Hous. Agency*, No. 18-CV-11215 (VB), 2019 WL 3564550, at *4 (S.D.N.Y. Aug. 6, 2019).

Where a government entity deprives a plaintiff of some property interest pursuant to an established procedure, procedural due process is generally satisfied so long as some form of hearing is provided before the plaintiff is deprived of the property interest. *Nnebe v. Daus*, 644

F.3d 147, 158 (2d Cir. 2011). By contrast, a government official's random and unauthorized act does not violate procedural due process if a meaningful post-deprivation remedy is available; when the government cannot predict precisely when the loss of the property interest will occur, it would be impossible to provide a meaningful hearing before the deprivation of the property interest. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation (and no available [Section] 1983 action) when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." (italics in original)). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, [however,] there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991). As to such a claim under Section 1983, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts. If so, there will be no claim before the federal court, whether or not the plaintiff took advantage of the state procedure." *Id.* at 114.

With respect to government issued housing benefits, including Section 8 housing benefits, federal law and regulations require that before a recipient of those benefits is subjected to a proposed adverse housing action, the recipient is entitled to notice of the proposed adverse action and a pre-deprivation hearing to contest the adverse action. *See Rios v. Town of Huntington Hous. Auth.,* 853 F. Supp. 2d 330, 335-36 (E.D.N.Y. 2012) (quoting 42 U.S.C. § 1437d(k) and 24 C.F.R. § 982.555(e)). If, however, a recipient is subjected to an adverse housing action due to a random and unauthorized act of a government official, then the recipient

may challenge the adverse action in a post-deprivation proceeding under state law, such as in a state court proceeding brought under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *See id.* at 338-41.

Plaintiff does not allege facts sufficient to indicate that she was denied procedural due process with regard to the denial or cancellation of her receipt of Section 8 housing benefits. She does not suggest that she was denied procedural due process or that such process was inadequate; the fact that she mentions that she "appealed" the denial or cancellation of those benefits seems to indicate that she received procedural due process. (*See* ECF 1, at 5.) The Court therefore dismisses any claims under Section 1983 arising from the alleged denial of procedural due process with regard to the denial or cancellation of Plaintiff's receipt of Section 8 housing benefits for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

Because Plaintiff is proceeding *pro se*, however, the Court grants her leave to file an amended complaint in which she alleges facts sufficient to state a claim under Section 1983 that she was denied procedural due process with regard to the denial or cancellation of her receipt of Section 8 housing benefits. Plaintiff should indicate: (1) the manner in which she was denied such benefits or how such benefits were discontinued; (2) any and all efforts, both administratively (within NYCHA) and within the state courts (such as via an Article 78 procedure), she has made to challenge the denial or cancellation of such benefits; and (3) how she was denied procedural due process, or how such process was inadequate. In addition, Plaintiff must name as a defendant, in her amended complaint, any individual government official personally and directly responsible for denying or cancelling those benefits. *See Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under [Section]

1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability.").

**C.    Claims under state law**

The Court understands Plaintiff's claims under state law as brought under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of her claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42-43 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)

(internal quotation marks omitted)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 against NYCHA or against an individual state or local official (including a NYCHA official), the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order, but grants Plaintiff 30 days' leave to replead her claims, in an amended complaint, as specified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a judgment is entered.

SO ORDERED.

Dated:   October 25, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge